Jennifer L. Holland                                                                           AK LBF 5
606 E. Street, Suite 203
Anchorage, Alaska  99501
(907) 279-3333
(907)258-4428 Fax
Attorney for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| In re: ) | |
| ) | |
| Anthony Vincent Bennett ) | CHAPTER 13 PLAN |
| ) | |
| Debtor. ) | |
| _____ ) | Case No. A16-00245 |

The debtor proposes the following Chapter 13 plan:

1. **Payments To Trustee**:  The debtors will pay to the trustee:

(a)  **Monthly payments** in the amount of $350.00, commencing on September 20, 2016, and continuing on the same day of each month for 60 months.

(b) **Permanent Fund Dividends** received each year during the commitment period;

(c) **Tax Refunds:** Tax refunds will be paid in addition to the plan payments stated above.

2. **Trustee's Distributions to Creditors:** From the payments so received, the trustee will make disbursements in the following order (unless otherwise noted in paragraph 2(I)).

(a) **Allowed administrative expenses of the trustee** as provided by 11 U.S.C. §507(a)(1)(c) in the amount of ten percent (10%), or the percentage set from time to time by the Attorney General of the United States, under 28 U.S.C. § 586(e).

(b) **Allowed unsecured claims for domestic support** as provided by 11 U.S.C. § 507(a)(1). Payments to Nyquist Law Group, in the principal amount of $10,083.29, with interest at the post-judgment interest rate of 4.0 percent (4%) per annum.  Debtor is current on his child support and alimony obligations of $1,773.00 per month, and those shall continue to be paid outside the plan.

(c) **Allowed Expenses of Administration** as provided by 11 U.S.C. § 507(a)(2), including attorney's fees for Debtor's counsel, not to exceed $1,810.00.

1

(d) **Cure of Arrearage on Secured Claims That Are Not Modified**: Arrearage on secured creditor's claims that are duly filed and allowed, and are not modified, estimated as follows:

    (i) Residential Mortgage: NONE

    (ii) Other Secured Claims: NONE.

(e) **Modified Secured Claims**: Distributions to secured creditors whose claims are duly filed and allowed, but are modified, estimated as follows:

[This paragraph 2(e) addresses the repayment terms of all secured claims that are not addressed under paragraph 2(d) above or under paragraphs 2(f) or 3 below. These "modified secured claims" are all those held by creditors whose rights are modified under applicable bankruptcy law. The allowed claims of each creditor listed in paragraph 2(e) will be allowed as a secured claim in the amount of the value of the security and paid in installments as shown until the balance, with interest as stated, has been paid. The remainder of the amount owing will be allowed as a general unsecured claim and paid under the provisions of paragraph 2(h) if a proof of claim is duly filed and allowed.]

USAA Property & Casualty, for payments on the 2007 Lincoln MKZ, in an amount of $8,385.52, with interest at the reduced rate of 6.5% [pursuant to 11 USC Sec. 1325(a)(5)(B)(ii)], in the amount of $236.89 per month.

(f) **Secured Claims Not Modified.** Distributions to secured creditors whose claims are duly filed and allowed, but are not modified and not paid directly by debtor under paragraph 3, in accordance with the contract terms as follows:

NONE

(g) **Allowed Priority Unsecured Claims** in the order and in the amount prescribed by 11 U.S.C. § 507(a)(3) - (a)(9) including the following estimated tax claims:

| Tax Creditor | Type of Tax | Year | Amount |
|---|---|---|---|
| IRS | Federal income tax | 2015 | $2,279.02 |

Debtor has filed all required tax returns.

(h) To **Unsecured Non-priority Claims** that are duly filed and allowed, the balance of the debtor's plan payments will be distributed pro-rata.

(I) **Alternate Payment Instructions to Trustee**:

2

___ Payments under paragraphs 2(b), (c), and (g) are to be made in equal installments over the commitment period.

___ Payments under paragraph 2(h) are to be made concurrently with payments made under paragraphs 2(a) - (f).

___ Other (specify)_____

3. **Secured Claims Not Modified**: The following creditors' claims are fully secured, are not modified, will be paid directly by the debtor outside the Plan under the original contract terms, and will receive no distributions under Paragraph 2 (except distributions set out in paragraph 2(d) above):

(a) **Residential Mortgage:**

NONE

(b) **Other:** [See AK LBR 3015-1(b)(2)]

NONE

4. **Secured Property Surrendered**: The secured property described below will be surrendered to the following named creditors, and any duly filed and allowed unsecured claim resulting from such surrender will be paid under Paragraph 2(g):

USAA Property & Casualty for the deed of trust securing the real property located at 18036 Misty Falls Circle, Eagle River, AK 99577, with a principal amount of approximately $263,983.00, and interest at the contract rate of 3.375% per annum. The real property was awarded to Debtor's ex-wife in the divorce and she was ordered to be responsible for payments on the property.

USAA Property & Casualty for the 2011 Dodge Caravan, with a principal amount of approximately $14,154.00, and interest at the contract rate of 5.15% per annum. The vehicle was awarded to Debtor's ex-wife in the divorce and she was ordered to be responsible for payments on the vehicle.

WorldMark by Wyndham for the timeshare with 12,000 points per year, with a principal amount of approximately $8,011.00, and interest at the contract rate.

5. **Executory Contracts**: Except as provided above, the following executory contracts and unexpired leases of the debtor are assumed or rejected as noted below. If rejected, the debtor will surrender any collateral or leased property and any duly filed and allowed unsecured claim for damages will be paid under paragraph 2(g):

3

| Contract/Lease | Assumed/Rejected |
|---|---|
| Verizon cell phone | Assumed |
| Best Storage storage unit - lease ends 8/31/16 | Assumed through 8/31/16 |
| Amy Koehn residential lease - lease ends 8/31/16 | Assumed through 8/31/16 |

6. **Plan Analysis/Disposable Income Analysis/Liquidation Analysis/Schedule of Direct Payments**: The attached Plan Analysis, Disposable Income Analysis, Liquidation Analysis, and Schedule of Direct Payments to creditors are accurate to the best of my (our) knowledge. If there are discrepancies between the Plan and the analyses, the provisions of the Plan, as confirmed, control.

7. **Retention of Security Interests and Revesting of Property**: Secured creditors will retain their liens until the claims as determined under applicable nonbankruptcy law have been paid in full or a discharge is entered under 11 U.S.C. § 1328 as provided by 11 U.S.C. § 1325(a)(5)(B). Except as provided in this plan or in the order confirming the plan, upon confirmation of this plan all of the property of the estate vests in the debtor free and clear of any claim or interest of any creditor provided for by this plan under 11 U.S.C. § 1327.

8. **Orders Granting Relief From Stay.** If at any time during the life of this plan, an order terminating the automatic stay is entered, no distributions under this plan will be made to the creditor obtaining relief from stay until such time as the creditor files an amended proof of claim. The allowed claim for a deficiency will be treated as a general unsecured claim under paragraph 2(g).

9. **Plan Changes**: The court may after hearing, upon such notice as the court may designate, increase or reduce the amount or the time for payment where it appears that circumstances so warrant.

4

10. **Certification.** It is certified that the foregoing plan complies with the requirements of the applicable provisions of the Bankruptcy Code (title 11, United States Code), the Federal Rules of Bankruptcy Procedure, and the Alaska Local Bankruptcy Rules.

DATED: 8/23/16

_____
Jennifer L. Holland
Attorney for Debtor

SIGNED UNDER PENALTY OF PERJURY.

_____
Anthony Vincent Bennett
Debtor

## PLAN ANALYSIS

(Numerical References are to Plan Paragraphs)

Monthly Income and Expenses:

| | |
|---|---|
| Monthly Income from Schedule I (excluding Alaska PFD) | $ 4,348.70 |
| Monthly Expenses form Schedule J | $ 3,934.00 |
| Difference (Schedule I <less Schedule J) | $ 414.70 |

Debtor(s) Payments to Trustee:

| | |
|---|---|
| 1(a) $ 350.00 (Mo. Pymt.) x 60 (No. Pymts) = | $ 21,000.00 |
| 1(b) $ 1,500.00 (Perm. Fund) x 5 (No. Years) = | $ 7,500.00 |
| 1(c) $_____ (Tax Refund) x ____ (No. Years) = | $_____ |
| 1(d) $_____ (Add'l Pymts) x ____ (No. Pymts) = | $_____ |
| TOTAL PAYMENTS (Life of Plan): | $ 28,500.00 |

Estimated Distributions by Trustee:

| | |
|---|---|
| 2(a) Trustee's Commission (10 % of the total plan payments) | $ 2,850.00 |
| 2(b) Domestic Support Obligations | $ 11,142.00 |
| 2(c) Unpaid Attorney's Fees and Costs | $ 1,810.00 |
| 2(c) Other Administrative (if known) | $_____ |
| 2(d) Total Arrearages Secured Claims (Not Modified) | |
|     (i) Residential Mortgage | $_____ |
|     (ii) Other | $_____ |
| 2(e) Total Distributions Modified Secured Claims | $ 9,844.00 |
| 2(f) Total Distributions Unmodified Secured Claims | $_____ |
| 2(g) Priority:   Taxes | $ 2,279.00 |
|                 Other | $_____ |
| 2(h) Total Distributions Unsecured Claims | $ 575.00 |
| TOTAL DISTRIBUTIONS: | $ 28,500.00 |

### DISPOSABLE INCOME DISTRIBUTION ANALYSIS
[Check ONE box as applicable and complete computation]

___ Disposable Income determined under § 1325(b)(3) [See Official Form 22C, Line 23}

| | |
|---|---|
| Total Distributions Unsecured Claims (Line 2(h)) divided by 60 | $_____ |
| Monthly Disposable Income (from Official Form 22C, Line 58) | $_____ |

X Disposable Income not determined under § 1325(b)(3) [See Official Form 22C, Line 17 or 23]
Total Distributions Unsecured Claims (Line 2(h)) divided by ___ (months in commitment period)

| | |
|---|---|
| [See Official Form 22C, Line 17] | $_____ |
| Current Monthly Income [from Official Form 22C, Line 11] | $_____ |
| <less> Marital Adjustment [as defined in Official Form 22C, Line 19] | $_____ |
| <less> Support Income [as defined in Official Form 22C, Line 54] | $_____ |
| <less> Qualified Support Deduction [as defined in Official Form 22C, Line 55] | $_____ |
| <less> Monthly Expenses [from Official Form 6, Schedule J, Line 18] | $_____ |
| <less> Payroll Deductions [from Official Form 6, Schedule I, Line5] | $_____ |
| Monthly Disposable Income | $_____ |

### LIQUIDATION ANALYSIS
(Insert Amounts from Bankruptcy Schedules for A,B,D, and E, Below )

| | |
|---|---|
| A. Non Exempt Equity:   in real property | $ 0 |
|                              in personal property | $ 0 |
| B. Value of Property Recoverable Under Avoiding Powers | $ 0 |
| C. **Total Estate Equity** (sum of A & B above): | $ 0 |
| D. Total Priority Debt | $ 2,279.00 |
| E. Total Unsecured Debt | $ 102,802 |
| F. Estimated Chapter 7 Administrative Expenses | $ 0 |
| G. Estimated Plan Dividend (Unsecured Creditors) | .6 % |
| H. Estimated Chapter 7 Dividend (Unsecured Creditors) | 0 % |

**SCHEDULES OF DEBTORS'S LEASE PAYMENTS, PAYMENTS TO SECURED CREDITORS
AND DOMESTIC SUPPORT OBLIGATIONS**

| Creditor/Nature of Claim | Estimated Balance | Number of Payments | Payment | Due Date |
|---|---|---|---|---|
| USAA Property & Casualty '07 Lincoln MKZ | $8,385.52 | | $236.89 | |
| Nyquist Law Group domestic support obligation | $10,083.00 | | | |
| Eugenia Bennett ongoing child support & alimony paid outside the plan | | | $1,773.00 | |
| Verizon cell phone | | | $148.99 | |
| Best Storage storage unit - ends 8/31/16 | | | N/A | |
| Amy Koehn residential lease - ends 8/31/16 | | | N/A | |